UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>William-Joseph:Goulette</u>,
    Plaintiff

    v.                                    Case No. 15-cv-379-SM
                                            Opinion No. 2015 DNH 180

<u>Service Credit Union</u>,
    Defendant

**O R D E R**

Pro se plaintiff, William-Joseph:Goulette has filed a motion for a temporary restraining order (document no. 2), entitled "Motion for Emergency Injunctive Relief," seeking to enjoin a hearing scheduled for September 17, 2015, in the New Hampshire Superior Court sitting at Hillsborough County.  That state court action was instituted by the defendant in this case, Service Credit Union, to obtain a writ of replevin for personal property in plaintiff's possession.  For reasons set forth below, the motion for a temporary restraining order (document no. 2) is denied.

Plaintiff asserts that this court should enjoin the state court writ of replevin proceeding to prevent a violation of plaintiff's right to due process.  Plaintiff argues that: Service Credit Union is a corporation that plaintiff believes cannot institute a civil case; Service Credit Union has not provided

plaintiff with the "instrument" upon which it bases its claim in the state courts; plaintiff has not had sufficient time to respond to the state court claims, as he received notice of the hearing only six days before the hearing; and the hearing, scheduled for September 17, 2015, is likely to affect the plaintiff's interests as to the same property, which he expected to litigate in a small claims court hearing in Hillsborough County, scheduled for a later date.

**Discussion**

I. Standard – Preliminary Injunctive Relief

To obtain preliminary injunctive relief, a plaintiff must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The movant bears the burden of proof on a motion for preliminary injunction. See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006).

II. Anti-Injunction Act

The Anti-Injunction Act, 28 U.S.C. § 2283, precludes this court from granting the relief plaintiff seeks. The Anti-Injunction Act provides, as follows:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283.  "The Act thus constitutes 'an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions.'"  Garcia v. Bauza-Salas, 862 F.2d 905, 907 (1st Cir. 1988).

To the extent plaintiff relies on the exception for actions filed under 42 U.S.C. § 1983, in arguing that his right to due process will be violated if this court does not enjoin the state court hearing, plaintiff has not established that a due process violation has occurred or will occur, as the state courts provide an adequate forum for protecting his right to due process.  The claims asserted here can be raised in the Superior Court proceeding, and the Superior Court can issue orders, as necessary and appropriate, to prevent the unwarranted impairment of the parties' rights and interests at issue in the small claims court proceeding.  To the extent orders are issued that are adverse to plaintiff's interests, plaintiff can seek review in the New Hampshire Supreme Court.  Accordingly, § 2283, precludes

plaintiff from obtaining the relief he seeks, and for that reason, the motion for a temporary restraining order is denied.

III. <u>Younger Abstention</u>

Under <u>Younger v. Harris</u>, 401 U.S. 37 (1971),

> federal courts are required to abstain from enjoining ongoing state court proceedings absent extraordinary circumstances. . . .  Under <u>Younger</u>, a federal court must abstain "if (1) there is an ongoing state judicial proceeding involving the federal plaintiff that (2) implicates [certain] important state interests and (3) provides an adequate opportunity for the federal plaintiff to assert his federal claims."

<u>Colonial Life & Acc. Ins. Co. v. Medley</u>, 572 F.3d 22, 26 (1st Cir. 2009) (citations omitted); <u>see also</u> <u>Sprint Commc'ns, Inc. v. Jacobs</u>, 134 S. Ct. 584, 588 (2013) (<u>Younger</u> may apply in cases "that implicate a State's interest in enforcing the orders and judgments of its courts").  When <u>Younger</u> applies, abstention is mandatory, and the federal court is deprived of any discretion to grant injunctive relief.  See <u>Colo. River Water Conserv. Dist. v. United States</u>, 424 U.S. 800, 816 n.22 (1976).

The <u>Younger</u> abstention doctrine applies here, insofar as the requested injunction would target, and substantially interfere with, a pending action in state court, implicating important state interests in the issuance of a writ of replevin.  Moreover, the state court proceeding provides an adequate opportunity for

plaintiff to assert his federal claims.  Plaintiff has not alleged any facts providing grounds for this court to find any applicable exception to the Younger abstention doctrine. Accordingly, abstention under Younger is mandatory.  To that end, plaintiff has not shown a likelihood of success on the merits, and his motion for a temporary restraining order (document no. 2) is therefore denied.

## Conclusion

For the foregoing reasons, the court denies the motion for a temporary restraining order (document no. 2).

    SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

September 16, 2015

cc: William-Joseph:Goulette, pro se